DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio, appeals from a decision of the Lorain County Court of Common Pleas that dismissed a supplemental indictment for three counts of rape and three counts of gross sexual imposition, each with sexually violent predator specifications, against Defendant, Luis Martinez. We reverse and remand.
 {¶ 2} On July 9, 2003, Defendant was indicted on one count of rape, with a sexually violent predator specification, and one count of gross sexual imposition. Each crime was alleged to have occurred on June 26-27, 2003 and the alleged victim of the crimes was a juvenile named K.A. Defendant entered a plea of not guilty to both charges and later waived his statutory speedy trial rights.
 {¶ 3} On September 2, 2004, a supplemental indictment was filed, indicting Defendant on three additional counts of rape and three additional counts of gross sexual imposition, each with sexually violent predator specifications. The alleged victim of each crime was again K.A., but the dates of the alleged offenses occurred at earlier times from the crimes alleged in the original indictment. These crimes allegedly occurred from November 6, 2000 through November 5, 2001, November 6, 2001-June 12, 2002, and June 13 — July 21, 2002.
 {¶ 4} On September 23, 2004, Defendant moved to dismiss the supplemental indictment on speedy trial grounds. He asserted that, pursuant to State v. Adams (1989), 43 Ohio St.3d 67, because the supplemental indictment was based on the same facts as the original indictment, it was subject to the same 270-day speedy trial time as the original indictment and his prior waiver of speedy trial rights did not apply to the supplemental indictment. Because more than 270 days had elapsed, he maintained that the supplemental indictment must be dismissed.
 {¶ 5} Based on a review of the grand jury transcripts and oral argument of the parties, the trial court agreed that Statev. Adams mandated dismissal of the supplemental indictment and granted Defendant's motion to dismiss. The State appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
"The trial court erred when it granted [Defendant's] motion to dismiss."
 {¶ 6} The State contends that the trial court erred when it granted Defendant's motion to dismiss the supplemental indictment. We agree.
 {¶ 7} Defendant moved to dismiss the supplemental indictment, asserting that it was subject to the same speedy trial calculation as the original indictment and that the 270-day time period had elapsed. The State opposed the motion, maintaining that the supplemental indictment triggered a new speedy trial timetable because it was based on different facts.
 {¶ 8} R.C. 2945.71(C)(2) mandates that a person charged with a felony be brought to trial within 270 days after the person's arrest. R.C. 2945.71(D) provides that a person who has multiple charges of varying degrees, "all of which arose out of the same act or transaction," must be brought to trial on all of the charges within the time period required for the highest degree of offense charged. There is no dispute that the relevant speedy trial period for all of the offenses with which Defendant was charged was 270 days and that, by the time the supplemental indictment was filed, more than 270 days had elapsed since Defendant was arrested. Although he had waived his speedy trial rights on the original indictment, Defendant contends that the waiver did not apply to the supplemental indictment.
 {¶ 9} In Adams, 43 Ohio St.3d at 68, the Ohio Supreme Court construed R.C. 2945.71 and held that "`[w]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.'" Id., quotingState v. Clay (1983), 9 Ohio App.3d 216, 218. The Adams court also held that, when the original speedy trial timetable applies to new charges, any waivers of time with respect to the original charges made prior to the filing of the additional charges do not apply to the timetable of the additional charges. Id. at 69.
 {¶ 10} In State v. Baker, the Ohio Supreme Court clarified its holding in Adams and held that "[w]hen additional criminal charges arise from facts distinct from those supporting an original charge, or the state was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 et seq." (Emphasis added). State v. Baker
(1997), 78 Ohio St.3d 108, 112.
 {¶ 11} Defendant's motion focused on the State's awareness of additional crimes at the time of the original indictment, but this Court has repeatedly stressed the significance of the Supreme Court's use of the disjunctive "or" in Baker, which means that a new speedy trial period will begin in either situation (distinct facts OR lack of original knowledge of facts by the State). See State v. Armstrong, 9th Dist. No. 03CA0064-M, 2004-Ohio-726, at ¶ 7-9; State v. Haggard (Oct. 6, 1999), 9th Dist. No. 98CA007154, at 8.
 {¶ 12} In its opposition to Defendant's motion to dismiss, the State conceded that the second Baker situation was not present here because the State was aware from the beginning of facts concerning the additional crimes, although it was not able to pinpoint dates at that time. The State, however, asserted that the charges in the supplemental indictment arose from different facts. This Court has explained that "facts different from the original charges" could include separate victims, separate offenses, or a separate animus as to the offense. See Haggard
at 7-8.
 {¶ 13} Shortly after Defendant's motion was filed, the trial judge apparently became an advocate for Defendant's position and sua sponte ordered the court reporter to transcribe the testimony and arguments that were presented to the grand jury to support each indictment. The court apparently allowed the parties to review redacted transcripts of the grand jury testimony, but these transcripts were never made part of the trial court record.
 {¶ 14} Rather than holding an evidentiary hearing on this issue, the trial judge met with the parties and merely allowed them to present oral argument on the issue, based on what was in the redacted grand jury transcripts. Grand jury transcripts should not be disclosed unless the ends of justice require it and the defendant shows that "a particularized need for disclosure exists which outweighs the need for secrecy." State v. Greer
(1981), 66 Ohio St.2d 139, paragraph two of the syllabus. Defendant in this case did not even request the grand jury transcripts and the trial court certainly had other means by which it could solicit the information it needed to determine this issue, such as holding an evidentiary hearing and taking testimony from the investigating police officers and/or the victim of the offenses.
 {¶ 15} For many reasons, holding an evidentiary hearing would have been a more appropriate means of determining whether the crimes in the two indictments were based upon the same set of facts. First of all, such a hearing would have enabled the trial judge to retain his role as a neutral fact finder and would have allowed the parties the opportunity to litigate the issue, rather than leaving the advocacy in the hands of the trial judge. The transcript reveals that, during the parties' oral argument, defense counsel noted that so much of the testimony had been redacted from the grand jury transcripts that it was difficult to understand. Defense counsel stated, however, that he would "rely on the Court's determination that the evidence presented was essentially identical." Defense counsel likely indicated a willingness to rely on the trial court's factual determination because it supported his position. The prosecution, on the other hand, had a limited ability to challenge Defendant's motion, as the trial court failed to allow the parties to present evidence, and had failed to fully disclose or allow any challenge of the evidence upon which it was basing its findings.
 {¶ 16} Moreover, because the trial judge based his decision on facts that are not part of the record, this Court is unable to review the propriety of his determination.
 {¶ 17} Based on the record before us, it is unclear how the judge determined that the indictments were based on the same facts. The trial court improperly based its entire decision on evidence that is not part of the record and, as a result, cannot be subject to appellate review. The only relevant "facts" in the record are the two indictments, which facially appear to be based on different facts, as the crimes allegedly occurred at distinct points in time, months or even years apart from each other. The crimes do not appear to be based on the same act or transaction.
 {¶ 18} The trial court erred in granting Defendant's motion to dismiss without holding a proper hearing on the motion. The matter is reversed and remanded for an evidentiary hearing. The assignment of error is sustained.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Whitmore, J. Boyle, J. concur.