OPINION
{¶ 1} The State of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, which vacated four convictions obtained against Anthony Mallory Jones on the basis that his speedy trial rights had been violated.
 {¶ 2} On May 20, 2004, Jones was charged by complaint with one count of rape of a *Page 2 
child (under 13), in violation of R.C. 2907.02(A)(1)(b), and a grand jury indicted Jones on that charge. On August 25, 2004, Jones was indicted on four additional counts of rape involving the same child. On September 16, 2004, Jones filed a motion to dismiss the August 25 indictment on speedy trial grounds. Jones argued that his speedy trial time began to run on the second indictment when he was arrested and that he had not waived any time on the second indictment. Because he had been incarcerated for more than 90 days since his arrest, Jones argued that his speedy trial time had expired on the second indictment. On November 16, 2004, the trial court overruled Jones' motion without a hearing, determining that Jones' motion to dismiss failed because Jones was brought to trial within 90 days of his second indictment. Following a trial on November 17-18, 2004, a jury convicted Jones on four of the five identical counts of rape and acquitted him on the fifth count. The trial court sentenced Jones to four concurrent three-year terms of imprisonment.
 {¶ 3} Jones appealed from his conviction. In State v. Jones, Montgomery App. No. 20862, 2006-Ohio-2640 ("Jones I "), we reversed and remanded the matter for a factual determination as to whether the four counts in the second indictment arose from the same facts and circumstances known to the prosecutor at the time of Jones' arrest on the original charge, and, if so, whether the State knew such facts at the time of the initial charge. On remand, after a hearing, the trial court granted Jones' motion to dismiss the second indictment.
 {¶ 4} The State asserts one assignment of error on appeal:
 {¶ 5} "THE TRIAL COURT ERRED IN DISMISSING THE REMAINING CHARGES ON THE SECOND INDICTMENT."
 {¶ 6} The State argues that the crimes charged in the second indictment were "separate *Page 3 
and distinct from the initial charge and from each other" such that separate indictments and separate speedy trial times were appropriate. Jones argues that the State "knew all the facts in the later indictment at the time of the earlier, and the time for bringing that indictment has, as this Court previously noted, expired," and that "an appeal to the Code of Professional Responsibility has no relevance in this matter."
 {¶ 7} "The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. The individual states are obligated under theFourteenth Amendment to afford a person accused of a crime such a right. (Internal citation omitted). However, the states are free to prescribe a reasonable period of time to conform to constitutional requirements. (Internal citation omitted). In response to this constitutional mandate, Ohio has enacted R.C. 2945.71 to 2945.73, which designate specific time requirements for the state to bring an accused to trial. Specifically, under R.C. 2945.71(C)(2), a person against whom a charge of felony is pending must be brought to trial within 270 days after his arrest."State v. Baker (1997), 78 Ohio St.3d 108, 110, 1997-Ohio-229,676 N.E.2d 883. Each day an accused is held in jail in lieu of bail shall be counted as three days for computation of time purposes. R.C. 2945.71(E). R.C. 2945.71, et seq. "constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the court of this state." State v. Adams (1989), 43 Ohio St.3d 67,68, 538 N.E.2d 1025, quoting State v. Pachay (1980),64 Ohio St.2d 218, 416 N.E.2d 589.
 {¶ 8} The Supreme Court of Ohio has "dealt with the problem of multiple indictments in relation to Ohio's speedy-trial statute. Specifically, [the Court has] held that subsequent *Page 4 
charges made against an accused would be subject to the same speedy-trial constraints as the original charges, if additional charges arose from the same facts as the first indictment." Baker,78 Ohio St.3d at 110, citing Adams, 43 Ohio St.3d at 68. The supreme court carved out a common-sense exception to this rule, however, where subsequent charges were based on new and additional facts of which the state had no knowledge at the time of the original indictment. Id. at 111.
 {¶ 9} Some courts have described Baker's holding as a "disjunctive test" — requiring either that the facts of the subsequently indicted offenses were different or that the state did not know of the additional facts giving rise to the subsequent charges when the first indictment was filed — in order to conclude that the speedy trial time triggered by the first indictment did not apply to a subsequent indictment. See, e.g., State v. Martinez, Lorain App. No. 05CA8845, 2006-Ohio-4021;State v. Smith, Ashtablua App. No. 2004-A-0089, 2006-Ohio-5187. The State asserts that the disjunctive nature of this analysis permitted it to charge Jones initially with only one count of rape, despite its knowledge that more than one incident had occurred with the same victim, and then to charge him with several more counts involving the same conduct several months later because the dates of the offenses were different. In other words, it contends that, if the dates of the crimes are different, the "facts" are necessarily different, and, underBaker, the speedy trial time would commence anew for the second indictment. We disagree with this interpretation, and we believe that the supreme court has rejected it as well.
 {¶ 10} In Adams, a case on which Baker relies heavily, the supreme court stated: "When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to *Page 5 
begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge."Adams, 43 Ohio St.3d at 68, citing State v. Clay (1983),9 Ohio App.3d 216, 218, 459 N.E.2d 609. The court placed significant focus on whether the state knew at the time of the first indictment that additional charges could be filed. Thus, while we agree with the State that theBaker test is disjunctive, we view the first prong of the test — upon which the State relies — differently than the State does. In our view, if the facts of the offenses in multiple indictments are truly different — i.e, they arise from different circumstances, require different evidence, and are otherwise distinguishable in a significant way — the State is permitted to charge them separately even if all of the facts are known to the state when the initial indictment is filed. (If the State subsequently learns of facts and circumstances of which it was unaware at the time of the initial indictment, and those facts and circumstances warrant additional charges, the second prong of theBaker test provides that the existence of a previous indictment does not preclude bringing additional charges.) However, we do not readBaker to hold that, where the State knew additional facts andcircumstances warranting additional charges when the initial indictment was filed, it may nonetheless hold back on those charges simply because the offenses occurred on different dates, and then pursue multiple prosecutions, with the speedy trial time to run anew each time. "The state should not be allowed multiple tries at convicting [a defendant] when it had the means and opportunity to address all issues within a single opportunity." State v. Lloyd, Cuyahoga App. Nos. 86501, 86502,2006-Ohio-1356.
 {¶ 11} As we noted in Jones I, Jones' statement to the police read, in part, as follows:
 {¶ 12} "I meet [sic] [the victim] last summer at Riverview Park in about June or July and I was told she was older then [sic] what her real age was 12 or 13. The very first time me *Page 6 
and [the victim] had sex was around July [or] August, the date I'm not sure.
 {¶ 13} "I have had sex with her about 5-6 times before I knew her real age and none after. * * *"
 {¶ 14} In considering Jones' speedy trial claim in Jones I, we stated that "if the four counts in Jones' second indictment arose from the same facts and circumstances known to the prosecutor at the time of his arrest on the original charge, the second indictment should have been dismissed." Jones I at ¶ 23. Although it was clear that the alleged offenses occurred on various dates, we stated that it was "not readily apparent to us that the facts and evidence underlying the first charge and the second indictment differed in any material way." Id. at ¶ 30. Thus, we clearly were not of the view that the different dates precluded a finding that the charges arose from the "same facts." Moreover, no case cited by the State or of which we are aware has appliedBaker or Adams in such a way that different dates alone constituted "different facts" for speedy trial purposes.
 {¶ 15} On remand, a hearing was held and a "Joint Stipulation" was filed that provides: "The State of Ohio and Defendant have agreed to stipulate to the following: [The victim herein], if called to testify at this hearing, would and did testify at trial, that she and the Defendant, Anthony Jones, engaged in sexual conduct on five separate days during the time period specified in the indictments." Further, the prosecutor filed an Affidavit that provides, in relevant part, "On May 14, 2004, when this case was presented to the Montgomery County Grand Jury, I was aware of the circumstances set out in the Arraignment Information Sheet attached to Defendant's motion to dismiss, that is, that Jones had had sexual intercourse with the same child on several occasions over a period of time. * * * I was aware that Defendant had engaged in *Page 7 
sexual conduct with the child on more than one occasion when I obtained the original indictment." Thus, the state admittedly possessed all of the evidence and information that it would use in its second indictment when it sought the first indictment against Jones. Under these circumstances, we reject the State's argument that the "same facts" language from Baker permitted it to sit on information that supported additional charges — without additional investigation or other legitimate purpose — and then to try Jones again without running afoul of the speedy trial provisions. This case is distinguishable from the many cases in which additional investigation did lead to additional charges, and speedy trial rights were not implicated. See, e.g.,Baker, 78 Ohio St.3d 108 (holding that speedy trial limits pertaining to original indictment based on controlled purchase of drugs from a pharmacist did not apply to subsequent charges of trafficking and Medicaid fraud which resulted from an audit of the inventories at the defendant's pharmacies); State v. Caddy, Montgomery App. No. 21290.2006-Ohio-4149 (holding that the speedy-trial limits of an original indictment did not apply to a subsequent indictment, where defendant was initially charged with gross abuse of a corpse and subsequently indicted on a charge of reckless homicide, since the victim's cause of death was unknown until an autopsy was completed, and the State initially did not know "whether [the victim's] death was accidental, a result of self-defense, or due to some form of manslaughter or murder").
 {¶ 16} Having reviewed the record herein, we agree with the trial court that, based upon the above stipulation and affidavit, there were sufficient facts and circumstances known at the time of the initial indictment such that the second indictment should have been returned at the same time as the original one. In other words, the facts and circumstances known to the prosecutor at the time of Jones' original arrest and charge were such that no additional *Page 8 
investigation was conducted or needed to issue the second indictment. Accordingly, pursuant to Baker, the second indictment was properly dismissed.
 {¶ 17} The State also argues that, "[u]nder the Code of Professional Responsibility a prosecutor may not pursue or prosecute a charge that he or she knows is not supported by probable cause. If the police and prosecutor have one charge against a defendant that is based on probable cause and are investigating other distinct crimes that are not yet so supported, the ruling below would require the State to try the defendant on the second indictment within the speedy trial limit of the first, even though the Code of Professional Responsibility prevents the State from bringing charges that are not supported by probable cause." The State's reliance on the Code of Professional Responsibility is misplaced. Insofar as the State did not conduct any further investigation between the first and second indictments, it is clear that it had probable cause to bring the latter charges from the outset. If additional investigation had, in fact, been required, Baker would have excused the State from trying the indictments within the same speedy trial time.
 {¶ 18} The State's sole assignment of error is overruled.
Judgment affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1