[Cite as *State v. Matthews*, 2011-Ohio-2067.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO :
: Appellate Case No. 23953
    Plaintiff-Appellant :
: Trial Court Case No. 08-CR-137
v. :
:
CURTIS MATTHEWS : (Criminal Appeal from
: Common Pleas Court)
    Defendant-Appellee :
:

. . . . . . . . . . .

## O P I N I O N

Rendered on the 29th day of April, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellant

KRISTINE E. COMUNALE, Atty. Reg. #0062037, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The state appeals from a trial court's order dismissing an indictment that charged the defendant, Curtis Matthews, with the offense of tampering with records. The trial court determined that the time specified in Ohio's speedy-trial provisions within which Matthews had to be brought to trial for this offense was expired. We agree. Also, the Fifth

Amendment's Double Jeopardy Clause would not have precluded prosecuting Matthews for this offense. We affirm.

## I

{¶ 2}   Matthews was indicted on December 22, 2006, on one count of theft by deception in violation of R.C. 2913.02(A)(3) in Montgomery County Common Pleas Court Case No. 2006 CR 04674.  The indictment in that case alleged that between November 1, 2005, and January 24, 2006, "CURTIS LAWREY, AKA: CURTIS MATTHEWS" obtained by deception welfare benefits worth over $500. The charge stemmed from an investigation by the Investigation and Recovery Unit of the Montgomery County Department of Job and Family Services. The investigation revealed that, on November 1, 2005, Matthews applied for food stamps under the name "Curtis Lawery" but failed to state that he was living with a woman (the mother of his child) who herself was receiving food stamps and assistance. Then, on November 14, 2005, Matthews applied for food stamps under the name "Curtis Matthews." On his application, Matthews stated that he was residing at an address other than, what was determined to be, the address where he actually resided, and he again failed to state that he was living with the mother of his child. Matthews pleaded guilty to this charge and was convicted.

{¶ 3}   A little over a year later, on February 22, 2008, Matthews was indicted again. This indictment charged him with one count of tampering with records in violation of R.C. 2913.45(A)(1). The indictment alleged that between July 1, 2004, and December 13, 2006, "CURTIS LAMONT MATTHEWS, AKA: CURTIS LAWREY" falsified, destroyed, removed, concealed, altered, defaced, or mutilated a writing, computer software, data, or

record with a purpose to defraud or knowing that he was facilitating a fraud. The charge was based on an investigation by the Ohio State Highway Patrol, which began in February 2007 after the Ohio Bureau of Workers' Compensation reported to the Highway Patrol that it suspected that Matthews had been issued two Ohio driver's licenses.[1] The investigation revealed that, about eight years before he was indicted, Matthews had already applied for, and been issued, a driver's license under the name "Curtis Lawrey" when he applied for, and was issued, a second driver's license under the name "Curtis Matthews." He continually renewed both licenses ever since. The time period in the indictment represented, at that time, the most recent complete renewal period.[2]

{¶ 4}  On April 22, 2008, Matthews moved to dismiss the 2008 indictment. He argued that the time specified in Ohio's speedy-trial provisions within which the state had to bring him to trial for this offense was expired. Matthews contended that the state knew in 2006 that he had two driver's licenses and used them to commit the theft, so it was in 2006 that the speedy-trial clock began to run on the tampering-with-records charge. The time specified in the speedy-trial provisions expired before he was charged in 2008. Matthews also argued that prosecuting him for tampering with records, when he had already been convicted

---

[1] On May 11, 2007, Matthews was indicted in Hamilton County, Ohio, on one count of workers' compensation fraud. The indictment alleged that Matthews had fraudulently obtained workers' compensation benefits. Matthews pleaded guilty to this charge and was convicted.

[2] Four days after the February 2008 indictment was returned, Matthews applied for a state identification card. And, a few months later, he again separately renewed both licenses. He was indicted, in Case No. 2009 CR 02178, on August 25, 2009, for tampering with records. This charge related to application for the state identification card, not the driver's licenses. On June 21, 2010, the trial court found that the defendant, by applying for the identification card, was guilty of violating R.C. 4507.50(A). According to the trial court, this statute forbids a person from applying for an identification card while possessing a valid driver's license.

of theft, violated his Fifth Amendment right to be free from double jeopardy. For these two reasons, Matthews argued, the 2008 indictment must be dismissed. In response, the state conceded that in 2006 it was aware that Matthews had two driver's licenses and used them to commit the theft. But the state argued that tampering with records is a different offense. And it argued that it did not know all the facts needed to charge the offense until the Ohio State Highway Patrol completed its investigation in February 2008. The state also argued that theft and tampering with records are not the same offense for double jeopardy purposes.

{¶ 5} Although the state had requested a hearing, the trial court did not hold one. Instead, based on the parties' written arguments, the court sustained the motion to dismiss, finding that the speedy-trial time for the tampering with records offense had expired. The court did not address the double-jeopardy issue.

{¶ 6} The state appealed to this court, and this court reversed. See *State v. Matthews*, Montgomery App. No. CA 23051, 2009-Ohio-6694. That decision noted that the state's concession formed the basis of the trial court's decision: "Relying on the State's concession, the trial court reasoned: 'It is difficult for the Court to imagine how the original indictment for theft might have been returned without determining that the Defendant had tampered with government records to "facilitate or effectuate" the theft.' The court found that, with respect to the two driver's licenses Defendant used to commit the 2006 theft offense, 'the State had knowledge that these "different persons" were one and the same person, which knowledge formed the basis for its 2006 indictment.'" Id. at ¶5. Ultimately, we concluded that the trial court erred by failing to conduct an evidentiary hearing–an error that precluded us from reviewing the error assigned. We remanded for the court to hold a hearing.

{¶ 7} At the evidentiary hearing, the defense submitted the discovery packet that the

State of Ohio provided to defendant's counsel for the 2006 theft case. Contained therein were copies of each of the defendant's driver's licenses and LEADS images of the defendant which include the two separate photographs, each of the defendant, from the respective driver's licenses. Also included is the investigator's report documenting an interview with the defendant's mother which confirmed that the defendant did not have a twin.

{¶ 8} The only witness to testify at the evidentiary hearing was the Ohio State Highway Patrol trooper who investigated the tampering charge. According to the trooper, Matthews first applied for a second driver's license in 2000. Since then, he has continually renewed both licenses by filing renewal applications for both. The trooper said that the license renewal on July 1, 2004, was the act that led to the 2008 tampering-with-records charge.

{¶ 9} He said that his investigation involved acquisition of the applications for renewal of the driver's licenses, and unsuccessful attempts to interview the defendant who could not be located. As indicated, the State Patrol investigation did not begin until February 16, 2007, and ended when it referred the case to the Montgomery County Prosecutor a year later, in February 2008.

{¶ 10} On March 23, 2010, the trial court again sustained the motion to dismiss. The court said in its written decision that the evidence presented at the hearing supported the facts upon which its prior decision was based. The trial court did not address the double-jeopardy issue. Instead, adopting the rationale of its prior decision, the court once again dismissed the 2008 indictment on speedy trial grounds.

{¶ 11} The state once again appealed.

## II

{¶ 12} The state alleges in its sole assignment of error that the trial court erred by sustaining Matthews's motion to dismiss the indictment based on a violation of Ohio's speedy-trial provisions. Such an appeal presents us with a mixed question of fact and law. See *State v. Brown* (1998), 131 Ohio App.3d 387, 391. In reviewing a mixed question, we must defer to the trial court's supported findings of fact but review the application of the law to those facts de novo. See id. The state contends that the tampering charge initiated a new speedy-trial time. The state also contends that the charge does not implicate the Fifth Amendment's Double Jeopardy Clause. We conclude that the Fifth Amendment does not preclude the defendant's Tampering prosecution, but that the trial court did not err in dismissing the case on speedy trial grounds.

### I. The State knew the facts to pursue the Tampering-with-Records in 2006

{¶ 13} In its previous opinion, this court stated:

{¶ 14} "When charges filed in separate earlier and later criminal actions arise from the same facts and the State knew of those facts when the earlier action was filed, the statute of limitations applicable to the charges in the later action commences to run when the limitation period commenced to run on the charges in the earlier action. *State v. Adams* (1989), 43 Ohio St.3d 67; *State v. Bonarrigo* (1980), 62 Ohio St.2d 80. The rule does not apply when the charges in the later action arise from different facts or the State did not know of those facts when the earlier action was filed. *State v. Baker*, 78 Ohio St.3d 108, 1997-Ohio-229. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purpose of speedy trial computation. *Id.*

{¶ 15} "It is undisputed that more than two hundred and seventy days had expired when Defendant was indicted in Case No. 2008CR0137 since he had been indicted in Case No. 2006CR4674. The State conceded in its memorandum contra Defendant's motion to dismiss that at the time the theft charges in Case No. 2006CR0137 were filed the State was aware that Defendant 'was using his two driver's licenses to effectuate the theft.' (Dkt. 14, p. 7). The State argues that the *Baker* exception nevertheless applies because the crime charged in Case No. 2008CR0137 involves criminal conduct different from the criminal conduct charged in Case No. 2006CA4674. We do not agree. The *Baker* exceptions are not concerned with whether the charges in the prior and subsequent actions allege different grounds for criminal liability. The question is whether in order to prove the charges in both cases the State must prove a set of facts common to both charges, and whether the State knew of those facts when the earlier action was filed.

{¶ 16} "To prevail on his speedy trial motion, Defendant was required to show that the State was aware in 2006 that Defendant had obtained a falsified driver's license, not merely that he used a falsified license to commit a theft...." *State v. Matthews*, Montgomery App. No. CA 23051, 2009-Ohio-6694, ¶ 8-10.

{¶ 17} On remand the trial court concluded that "The evidence adduced at the hearing supported those facts upon which the Court based its October 28, 2008 decision, and neither dispelled any of these facts nor supplied new facts such that the Court's decision would be otherwise...." In the original October 28, 2008 decision, the trial court had effectively concluded that the State of Ohio knew of the information necessary to pursue the Tampering charge at the time it pursued the indictment for the Theft charge. On the specific facts of this case, that conclusion is not unreasonable. The State of Ohio admitted it knew the defendant

had two driver's licenses. The only additional facts it acquired from the State Patrol investigation were the renewal applications for the respective driver's licenses. That evidence would perhaps be helpful for the prosecution. But, the defendant's separate driver's license pictures from the State's own database establishes that the defendant himself applied for and acquired the two licenses at the times that his picture was taken. Therefore, the trial court's conclusion that the State was aware in 2006 that the defendant had obtained a falsified driver's license is supported by the record.

**II. The Double Jeopardy Clause Is Not Implicated**

{¶ 18} In his motion to dismiss, Matthews argued that the Double Jeopardy Clause also required the trial court to dismiss the 2008 indictment. Matthews argued that, by charging him with tampering with records, the indictment subjects him to a second prosecution for the same offense. Matthew argued in the alternative that the state is collaterally estopped from prosecuting him for this offense. Although the trial court did not address either argument, we briefly will.

{¶ 19} The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Ohio Supreme Court has adopted the test established in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, for determining whether a defendant is being re-prosecuted for the "same offense": "'*where the same act or transaction constitutes a violation of two distinct statutory provisions*, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof

of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, at ¶19 (Emphasis added.), quoting *State v. Best* (1975), 42 Ohio St.2d 530, at paragraph three of the syllabus.

{¶ 20} In this case, we do not even get to the *Blockburger* test because the test's threshold condition is not satisfied. There is no act or transaction charged that violates both the tampering-with-records provision and theft provision. Wrongfully obtaining food stamps was the act that violated the theft provision. But the act that violated the tampering-with-records provision was wrongfully falsifying, destroying, removing, concealing, altering, defacing, or mutilating a writing, computer software, data, or record. Not only are these different acts but they were committed at different times.

{¶ 21} "The Double Jeopardy Clause incorporates the doctrine of collateral estoppel," *In re Burton*, 160 Ohio App.3d 750, 2005-Ohio-2210, at ¶10, citing *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 444, which Matthews argues applies here. "Collateral estoppel is the doctrine that recognizes that a determination of facts litigated between two parties in a proceeding is binding on those parties in all future proceedings." *State v. Duncan*, 154 Ohio App.3d 254, 2003-Ohio-4695, at ¶47, citing *Lovejoy*, at 443. It "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson* (1970), 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469. The doctrine "generally applies in the case of a previous acquittal." *Burton*, at ¶10, citing *Lovejoy*, at 444 (saying that "[c]ollateral estoppel generally refers to the acquittal prong of double jeopardy").

{¶ 22} It is not clear from Matthews's brief what ultimate fact he believes has been

determined that would preclude the state from prosecuting him for tampering with records. If Matthews means the fact that he unlawfully had two driver's licenses, that fact, assuming that it actually was determined, was determined in the state's favor. Moreover, it would be a minor fact in a tampering-with-records prosecution, since the state would not have to prove he actually obtained anything. Finally, given that Matthews was convicted of theft, not acquitted, it is unclear how the doctrine would apply to his advantage. Accordingly, had it not been that we affirm the trial court's decision to dismiss on speedy trial grounds, we would find that the defendant's separate argument that the Double Jeopardy Clause would prevent the defendant's prosecution for Tampering is not well taken.

### III

**{¶ 23}** The trial court's order dismissing the 2008 indictment charging Matthews with tampering with records is Affirmed.

. . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
R. Lynn Nothstine
Kristine E. Comunale
Hon. Gregory F. Singer