[Cite as *State v. Hyde*, 2014-Ohio-1278.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                             :

    Plaintiff-Appellee                  :          C.A. CASE NO.    2013 CA 41

v.                                        :          T.C. NO.    12CR443

TAD J. HYDE                               :          (Criminal appeal from
                                                     Common Pleas Court)
    Defendant-Appellant                 :

                                          :

. . . . . . . . . .

**O P I N I O N**

Rendered on the 28th day of March, 2014.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

BRANDON CHARLES McCLAIN, Atty. Reg. No. 0088280, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}    Tad J. Hyde pled no contest[1] in the Clark County Court of Common Pleas

---

[1] The trial court's judgment entry states that Hyde entered a plea of guilty.   Upon review of the plea hearing transcript, this is clearly a typographical error.   The matter will be remanded to the trial court for correction of the entry.

to one count of robbery in Case No. 12-CR-443. In exchange for the plea, a second robbery charge in Case No. 12-CR-455 was dismissed. The trial court sentenced Hyde to four years in prison (with credit for jail time served from June 14, 2012 until conveyance to the penitentiary), restitution in the amount of $40.98, appointed counsel costs, and court costs.

{¶ 2} Hyde appeals from his conviction, claiming that the trial court erred in denying his motion to dismiss the action due to violation of his right to a speedy trial.[2] For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 3} Hyde's charges stem from the robberies of two different Rite Aid stores on June 11 and 14, 2012, respectively, in Springfield, Ohio. On June 14, 2012, Hyde was arrested and charged with the robbery committed that day. After further investigation by the police, Hyde was charged on June 20 with the June 11 robbery.

{¶ 4} On June 25, 2012, Hyde was indicted on the June 14 robbery; he was served with the indictment on the following day. Case No. 12-CR-443. At his arraignment, the court set bond at $25,000; he remained in jail in lieu of bond. On July 2, 2012, Hyde was indicted for the robbery committed on June 11, 2012. Case No. 12-CR-455. Hyde was arraigned on July 5, 2012, and bond was set at $35,000. Hyde was not released on bond.

---

[2] On March 11, 2014, Hyde, pro se, filed a "Request for Leave to Respond to Answer Brief of Appellee State of Ohio," claiming that his attorney failed to respond to the State's appellate brief. Hyde's motion is denied. Hyde is represented by counsel, who filed a reply brief on February 3, 2014. We will not accept Hyde's pro se memorandum under these circumstances. Moreover, even if we were to consider Hyde's pro se brief, Hyde raises the same issues that were competently addressed by his attorney.

{¶ 5}     On October 11, 2012, Hyde moved to dismiss both actions on the ground that his speedy trial rights were violated.   On October 16, 2012, the State moved to consolidate the two cases, pursuant to Crim.R. 13.   After a hearing on October 17, the motion to dismiss was denied, and the motion to consolidate was granted.

{¶ 6}     On October 22, 2012, Hyde entered pleas of not guilty and not guilty by reason of insanity, and he requested an evaluation of his mental condition both at the present time and at the time of the charged offenses.   On November 6, 2012, the trial court sustained the motion for a competency evaluation and ordered an evaluation.   A competency review hearing was scheduled for December 13, 2012.   On the day of the hearing, Hyde requested a continuance so that he could call witnesses.   The matter was continued until February 25, 2013, at which time a hearing was held.   On March 4, 2013, Hyde moved for a second evaluation of his mental condition at the time of the alleged offense.   Hyde withdrew that motion on March 7, 2013.

{¶ 7}     On April 9, 2013, the day of Hyde's scheduled trial, Hyde again moved to dismiss on speedy trial grounds.   He also moved for relief from the consolidation of the two actions and for his counsel to withdraw.   The trial court overruled Hyde's motions and also filed an entry finding him competent to stand trial.   Later that day, Hyde withdrew his former plea and pled no contest to robbery in Case No. 12-CR-443.   Pursuant to the plea, the robbery charge in Case No. 12-CR-455 was dismissed.   Hyde was sentenced accordingly.

## II.

{¶ 8}     Hyde appeals from his conviction in Case No. 12-CR-443.   His sole assignment of error states that "trial court committed plain error by not dismissing both

indictments against Mr. Hyde, due to violation of his speedy trial rights."

{¶ 9}     The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional protection of the right to a speedy trial" provided in the United States and Ohio Constitutions. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996). Accordingly, that statute must be strictly construed against the State. *Id.*

{¶ 10}     A defendant can establish a prima facie case for a speedy trial violation by demonstrating that the trial was held past the time limit set by statute for the crime with which the defendant is charged. *State v. Gray*, 2d Dist. Montgomery No. 20980, 2007-Ohio-4549, ¶ 15. "If the defendant can make this showing, the burden shifts to the State to establish that some exception[s] applied to toll the time and to make the trial timely. If the State does not meet its burden, the defendant must be discharged. R.C. 2945.73." *Id.*

{¶ 11}     Under R.C. 2945.71(C)(2), the State must bring a felony defendant to trial within 270 days of arrest. "Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three, pursuant to the triple-count provision of R.C. 2945.71(E). This 'triple-count' provision would reduce to 90 days the time for bringing to trial an accused who is incarcerated the entire time preceding trial." (Citation omitted.) *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E .2d 902, ¶ 31 (2d Dist.). However, an accused is only entitled to the triple-count provision when he or she is held in jail solely on the pending charge. *State v. Kaiser*, 56 Ohio St.2d 29, 381 N.E.2d 633

(1978), paragraph two of the syllabus.

{¶ 12}   In addition, the time within which a defendant must be brought to trial may be extended for the reasons specifically enumerated in R.C. 2945.72.  *State v. Brewer*, 2d Dist. Montgomery Nos. 22159, 22160, 2008-Ohio-2715, ¶ 37, citing *State v. Palmer*, 84 Ohio St.3d 103, 702 N.E.2d 72 (1998).  Permissible reasons for extending the trial date include "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused," R.C. 2945.72(E), and "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion," R.C. 2945.72(H).

{¶ 13}   Hyde argues that the triple-count provision applied throughout his case, because the State knew of the June 11, 2012 robbery at the time he was charged with the June 14, 2012 robbery.

{¶ 14}   The Supreme Court of Ohio has held: "When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, 1027 (1989).  However, "in issuing a subsequent indictment, the state is not subject to the speedy trial timetable of the initial indictment, *when additional criminal charges arise from facts different from the original charges,* or the state did not know of these facts at the time of the initial indictment." (Emphasis added.)   *State v. Baker*, 78 Ohio St.3d 108, 111, 676 N.E.2d 883 (1997).

{¶ 15}   We have interpreted this authority to mean that "[a]dditional crimes based

on different facts should not be considered as arising from the same sequence of events for the purpose of speedy trial computation." *State v. Matthews*, 2d Dist. Montgomery No. 23953, 2011-Ohio-2067, ¶ 14, citing *Baker*. "[I]f the facts of the offenses in multiple indictments are truly different – i.e, they arise from different circumstances, require different evidence, and are otherwise distinguishable in a significant way – the State is permitted to charge them separately even if all of the facts are known to the [S]tate when the initial indictment is filed." *State v. Jones*, 2d Dist. Montgomery No. 21974, 2008-Ohio-1603, ¶ 10.

{¶ 16} In this case, Hyde was charged with committing robberies at two different Rite Aid locations on different days in June 2012. According to the record, at approximately 9:30 a.m. on June 11, 2012, an individual entered a Rite Aid on South Limestone Street in Springfield and demanded cash and drugs from the pharmacists. The man was given the cash and drugs, and he left the store; the police had no suspects at that time. On June 14, 2012, an individual entered a Rite Aid on West North Street in Springfield and committed a similar crime. In both robberies, the perpetrator wore a "hoodie" to cover his face, put his hand inside the pocket of his sweatshirt, acted as though he had a gun as he approached the clerks, and demanded cash and a particular medication (Percocet) from them. Hyde was apprehended shortly after committing the June 14 robbery.

{¶ 17} Several days after Hyde was arrested, the detective assigned to the case reviewed the surveillance video from the June 11 robbery. The detective concluded that Hyde had committed both robberies and, on June 20, 2012, Hyde was charged with the June

11 robbery. As stated above, Hyde was indicted on the June 14 robbery on June 25, 2012, and on the June 11 robbery on July 2, 2012.

**{¶ 18}** When Hyde was indicted on the June 14 robbery, the State knew of Hyde's alleged involvement in both the June 11 and June 14 robberies and Hyde had been charged with both robberies. However, the robberies were committed at separate locations on different dates. Hyde's methodology was the same, but the witnesses and evidence at the two locations were likely to be different. In our view, the two robberies were distinct in significant ways and did not constitute a single "pending charge" for purposes of the speedy trial statute. Accordingly, after Hyde was detained for both the June 11 and June 14 robberies, he was not entitled to the triple-count provision of R.C. 2945.71(E).

**{¶ 19}** Hyde was arrested on June 14, 2012. From June 15 to June 20, 2012, he was being held solely for the June 14 robbery. Accordingly, he was entitled to the triple-count provision for those six days of confinement. However, from June 21, 2012 until he pled no contest, he was being held on multiple charges – the June 11 and the June 14 robberies. Accordingly, those days (minus the days that his speedy trial time was tolled due to motions he filed) were counted on a one-to-one basis. Counted in this manner, and considering periods of delay necessitated by Hyde's motions, Hyde's speedy trial time for the June 14 robbery had not expired when he entered his no contest plea on April 9, 2013.

**{¶ 20}** Hyde's assignment of error is overruled.

### III.

**{¶ 21}** The trial court's judgment will be affirmed. However, we remand the matter to the trial court for the limited purpose of correcting the judgment entry to reflect

that Hyde entered a plea of no contest, rather than a plea of guilty.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Lisa M. Fannin
Brandon Charles McClain
Hon. Richard J. O'Neill