THE STATE OF OHIO *v.* SINGLETON.

(No. 86-CR-5409—Decided
July 23, 1987.)

Court of Common Pleas of
Clermont County.

*Vince Faris,* assistant prosecuting
attorney, for plaintiff.
*Jack Bunce,* for defendant.

RINGLAND, J. On or about October 27 and 29, 1980, the defendant, John D. Singleton, committed three separate aggravated robberies in Clermont County, Ohio. The charge in the within case, along with those in the two companion cases, was filed in the Clermont County Court on October 31, 1980. The companion cases were for incidents that occurred on October 27 and also on October 29, 1980. The defendant was arrested in Warren County and returned to Clermont County to face the charges of aggravated robbery. However, only two of the aggravated robbery charges were brought before the Clermont County Common Pleas Court. The defendant pled guilty to one charge of complicity to aggravated robbery and was sentenced to a term of from seven to twenty-five years in the Ohio State Penitentiary. The remaining case remained in county court. Charges relating to this case were never served on the defendant. In June 1986, the old cases from county court were reviewed and the township police department was contacted regarding the remaining charge. It was then discovered that the defendant was under indictment by the Clermont County Grand Jury on the remaining charge and a holder had been placed against him with the prison authorities pending his release on parole. The defendant was subsequently released on parole on March 23, 1987 and appeared in this court for arraignment in the within matter. There was no evident reason for the delay in the defendant's indictment. There was only the omission on the part of the state.

It is stipulated and undisputed that the defendant was not indicted on this count of robbery until after he had served time on his other charge of robbery, which count occurred during this presumed crime spree. The defendant bases his motion to dismiss on three grounds:

(1) Violation of the Sixth and Fourteenth Amendments to the United States Constitution;

(2) Violation of the speedy trial rights under Section 10, Article I of the Ohio Constitution; and

(3) Violation of due process of law under the Fourteenth Amendment.

The law is quite clear in Ohio since the decision of *United States* v. *Marion* (1971), 404 U.S. 307, that the Sixth Amendment to the United States Constitution guaranteeing speedy trial as applied to the states under the Fourteenth Amendment to the United States Constitution does not apply to pre-trial indictments. As such the former Ohio Supreme Court case of *State* v. *Meeker* (1971), 26 Ohio St. 2d 9, 55 O.O. 2d 5, 268 N.E. 2d 589, has been modified to the extent that the only issue remaining as to speedy trial pre-indictment delay is under the Ohio Constitution. Section 10, Article I of the Ohio Constitution states: "In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; * * * and to have compulsory process * * *, and a speedy public trial by an impartial jury * * *." The Ohio Supreme Court decision of *State* v. *Meeker, supra,* is still controlling as to the issue of the Ohio Constitution and speedy trial rights. Under *Meeker,* as set forth in *State* v. *Luck* (1984), 15 Ohio St. 3d 150, 15 OBR 296, 472 N.E. 2d 1097, the defendant must have been indicted after he had already been indicted for an offense arising from the same sequence of events. *Luck* at 153, 15 OBR at 299, 472 N.E. 2d at 1101. Certainly this second indictment occurred after his first indictment. The issue remains whether or not the offense arose from "the same sequence of events." In this case the defendant originally admitted committing three robbery offenses, two of which occurred on October 29, 1980 and one of which occurred on October 27, 1980. While it is clear from the facts that this was an apparent crime spree that occurred over a two-day period, this court can find no authority to support the finding that separate robberies performed at separate places form the same sequence of events. Therefore under the *Meeker* test defendant has not been deprived of his rights under the Ohio Constitution.

The last remaining argument is whether defendant has been deprived of his due process rights under the Fourteenth Amendment to the United States Constitution. To show violation of due process, the prejudice suffered by the defendant must be viewed in light of the state's reason for delay, *United States* v. *Lovasco* (1977), 431 U.S. 783; *State* v. *Luck, supra,* and must have occurred at trial, *State* v. *Luck, supra,* at 154, 15 OBR at 300, 472 N.E. 2d at 1102. The state admits it had no reason to delay. While defendant alleges prejudice prior to trial, particularly his denial of parole, there is no showing of prejudice at trial. Admittedly, *State* v. *Worden* (1985), 25 Ohio Misc. 2d 15, 25 OBR 237, 496 N.E. 2d 245, indicated that harm with regard to consideration for parole, and not prejudice at trial, is sufficient to establish prejudice based upon the rationale that *Barker* v. *Wingo* (1972), 407 U.S. 514, is controlling. Nevertheless, the Twelfth District Court of Appeals in *State* v. *Kingham* (June 1, 1987), Butler App. No. CA86-10-155, unreported, has ruled that *Barker* does not apply to pre-indictment delay and that the criteria for actual prejudice must exist at trial, citing *State* v. *Luck, supra.* Therefore this court is not permitted to apply the *Barker* v. *Wingo* test as was done in *Worden* and must construe any prejudice claimed at this point not to have been suffered at trial. For all the above reasons, defendant's motion to dismiss is denied.

*Motion to dismiss denied.*