[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 108.]

THE STATE OF OHIO, APPELLANT, *v.* BAKER, APPELLEE.

[Cite as *State v. Baker*, 1997-Ohio-229.]

*Criminal law—In issuing a subsequent indictment, state is not subject to the speedy-trial timetable of the initial indictment, when.*

In issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment.

(No. 96-346—Submitted at the Urbana Session November 13, 1996—Decided April 2, 1997.)

APPEAL from the Court of Appeals for Montgomery County, No. CA 15051.

———————————

{¶ 1} On June 10, 1993, Dale Baker, defendant-appellee, a pharmacist, was arrested at his home by Montgomery County Sheriff's Deputies after an investigation revealed that he had made several illegal sales of prescription drugs to police informants. That same day, after arresting Baker, deputies and other law enforcement agents, working in connection with the Ohio State Board of Pharmacy, executed search warrants for two pharmacies that Baker owned. As a result of these warrants, state agents seized numerous business and financial records from the pharmacies, which the state began analyzing to determine if there was additional criminal conduct.

{¶ 2} One week after his arrest, Baker was indicted by a Montgomery County Grand Jury and charged with two counts of trafficking in drugs, and five counts of aggravated trafficking. These charges stemmed from the original controlled buys that occurred before Baker's arrest and the search of his pharmacies.

{¶ 3} While these original charges were being brought against Baker, state agents and sheriff's detectives were auditing the records seized at Baker's pharmacies. This process involved analyzing prescription records and purchase reports to determine possible drug shortages, which would indicate criminal or administrative violations of law. The audits for the pharmacies, Baker's Northridge Drug Store and Baker's Dixie Drugs, were completed by August 18, 1993 and September 15, 1993, respectively. As a result of these audits, a second indictment was filed, charging Baker with eight additional counts of drug trafficking, one count of aggravated trafficking, and one count of Medicaid fraud. This subsequent indictment was filed on June 1, 1994, almost a year after the arrest and original indictment was filed against Baker, and nine months after the audits of Baker's pharmacy records were both completed.

{¶ 4} On July 27, 1994, Baker filed a motion to dismiss the second indictment, alleging that his right to a speedy trial had been violated. Baker argued that the statute required the state to bring him to trial on the second indictment within the same period as the first, that is, 270 days from Baker's arrest on June 10, 1993. However, in upholding the second indictment, the trial court held that the allegations and proof for the two indictments were different from each other, and the state was justified in delaying the second indictment until it was able to analyze Baker's extensive pharmaceutical records for evidence of additional criminal misconduct. Baker agreed to enter negotiated pleas on both cases, and plead no contest to one count of trafficking in drugs and one count of Medicaid fraud on the second indictment. On the original indictment, the state reduced the five counts of aggravated trafficking to trafficking in drugs, and Baker pleaded no contest to seven counts of trafficking in drugs.

{¶ 5} On appeal, Baker challenged his convictions arising from the second indictment, arguing his constitutional and statutory right to a speedy trial had been violated. The court of appeals affirmed his judgment of conviction on the original

indictment, but agreed that Baker's statutory right to a speedy trial had been violated as to the second indictment. The appellate court held that the speedy-trial clock as to the second indictment began to run on the date of Baker's arrest on June 10, 1993; however, the state was entitled to have time tolled from that date until September 15, 1993, the date when both audits were completed by the state concerning Baker's pharmacy records. Despite this tolled period, the court established that the state had failed to bring Baker to trial within the 270-day period, and the court reversed Baker's judgment of conviction under the second indictment. The state appealed, arguing that the 270-day time period concerning the additional charges should commence from the date the second indictment was returned on June 1, 1994.

{¶ 6} The cause is now before this court pursuant to the allowance of a discretionary appeal.

_____

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellant.

*Lawrence W. Henke III* and *Kelly M. Young,* for appellee.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 7} At issue in this case is whether Ohio's Constitution or speedy-trial statute requires additional criminal charges filed in a subsequent indictment to run from the date of defendant's original arrest, with time tolled during the state's audits of seized evidence, or whether the statute allows the state a new time period from the date of the subsequent indictment. For the following reasons, we hold that in issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment.

{¶ 8} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. The individual states are obligated under the Fourteenth Amendment to afford a person accused of a crime such a right. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1, 7-8. However, the states are free to prescribe a reasonable period of time to conform to constitutional requirements. *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 113. In response to this constitutional mandate, Ohio has enacted R.C. 2945.71 to 2945.73, which designate specific time requirements for the state to bring an accused to trial. Specifically, under R.C. 2945.71(C)(2), a person against whom a charge of felony is pending must be brought to trial within 270 days after his arrest.

{¶ 9} In prior cases, we have dealt with the problem of multiple indictments in relation to Ohio's speedy-trial statute. Specifically, we have held that subsequent charges made against an accused would be subject to the same speedy-trial constraints as the original charges, if additional charges arose from the same facts as the first indictment. *State v. Adams* (1989), 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, 1027. In *Adams*, the defendant was initially charged with having a concentration of ten-hundredths of one gram or more by weight of alcohol per two-hundred-ten liters of his breath in violation of R.C. 4511.19(A)(3). At the time, defendant waived the time limitation for trial for a total of thirty-five days, but the state eventually decided to *nolle* this initial charge. Subsequently, the state filed a second complaint against defendant, charging him with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1). In applying the same ninety-day time period to both charges, we held: "'When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.'" *Id*.

4

**{¶ 10}** Applying this standard to the instant case, we find that in issuing a second indictment against the defendant, the state was not subject to the speedy-trial time limits of the original indictment, since the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation. See, *e.g., State v. Singleton* (C.P.1987), 38 Ohio Misc.2d 13, 526 N.E.2d 121.

**{¶ 11}** The original charges against Baker resulted from an investigation by law enforcement agents using informants to illegally purchase prescription drugs from Baker's pharmacies. These original charges were based on the controlled buys that occurred before Baker's arrest on June 10, 1993, and the search of Baker's two pharmacies. After executing search warrants at Baker's two pharmacies, the state began investigating Baker's pharmaceutical records to determine if additional violations had occurred. As a result of its analysis of the records seized on June 10, 1993, the state filed additional charges of drug trafficking and Medicaid fraud, which the state could not have known of until both audits of Baker's records were completed.

**{¶ 12}** To require the state to bring additional charges within the time period of the original indictment, when the state could not have had any knowledge of the additional charges until investigating later-seized evidence, would undermine the state's ability to prosecute elaborate or complex crimes. In so holding, we recognize that in construing the speedy-trial statutes, we must balance the rights of an accused with the public's interest in "obtaining convictions of persons who have committed criminal offenses against the state." *State v. Bonarrigo* (1980), 62 Ohio St.2d 7, 11, 16 O.O.3d 4, 6-7, 402 N.E.2d 530, 534.

**{¶ 13}** Since the charges in the second indictment stem from additional facts which the state did not know of before the audits, the state should be accorded

a new 270-day period beginning from the time when the second indictment was returned on June 1, 1994.  When additional criminal charges arise from facts distinct from those supporting an original charge, or the state was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 *et seq*.  Therefore, the court of appeals erred in dismissing the second indictment against Baker, the judgment of the court of appeals as to this issue is reversed, and the conviction is reinstated.

*Judgment reversed*

*and conviction reinstated.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____