[Cite as *State v. Perry*, 2012-Ohio-1856.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee            :C.A. CASE NO. 24735

vs.                                                       :      T.C. CASE NO. 11CRB2254

TERRY PERRY                               :      (Criminal Appeal from
                                              Municipal Court)
     Defendant-Appellant          :

. . . . . . . . .

## O P I N I O N

**Rendered on the 27th day of April, 2012.**

. . . . . . . . .

**John Danish, City Attorney; Stephanie Cook, Chief Prosecutor, Matthew Kortjohn, Asst. Prosecutor, Atty. Reg. No. 0083743, 335 W. Third Street, Dayton, OH 45402**
      **Attorneys for Plaintiff-Appellee**

**Julie B. Dubel, Asst. Public Defender, Atty. Reg. No. 0037172, 117 South Main Street, Suite 400, Dayton, OH 45422**
      **Attorney for Defendant-Appellant**

. . . . . . . . .

**GRADY, P.J.:**

### I. Introduction

{¶ 1}   Defendant, Terry Perry, appeals from his conviction for aggravated menacing, R.C. 2903.21, a first degree misdemeanor.   Defendant argues that the trial court erred when it denied his R.C. 2945.73(B) motion for discharge made on the date of the trial that resulted in

his conviction, because more than the maximum ninety days prescribed by R.C. 2945.71(B)(2) to bring Defendant to trial on the misdemeanor charge had expired since Defendant's arrest.

{¶ 2} We find that though more than ninety days had expired on the basis of the triple-count provisions in R.C. 2945.71(E) when Defendant moved for discharge, his speedy trial time had earlier been tolled pursuant to R.C. 2945.72(H) on the basis of a continuance of the trial the court reasonably ordered on a motion filed by the State in a companion case, following consolidation of the two cases for trial. Because only seventy-two triple-count speedy trial days had expired when Defendant moved for a discharge, the trial court did not err when it denied his motion and proceeded to the trial that resulted in Defendant's conviction.

## A. Statement of Facts

{¶ 3} On the evening of February 25, 2011, several people had gathered at the home of Kelly Welch at 328 Clover Street in Dayton, Ohio. Everyone there was drinking beer. Between the hours of 5:30 p.m. and 10:00 p.m., Defendant Terry Perry came at one of the other guests, Orile Jones, with a screwdriver and threatened to stab and kill Jones. That happened on three separate occasions. When after the third threat Kelly Welch ordered Defendant to leave her home, Defendant threatened to burn down Welch's home. Police were called and Defendant was arrested.

{¶ 4} A criminal complaint was filed in Dayton Municipal Court on February 27, 2011, charging Defendant Perry with one count of aggravated menacing, R.C. 2903.21, based on Defendant's threats against Orile Jones. The charge was docketed as Case No.

2011-CRB-1461. Defendant entered a not guilty plea. A bond of ten thousand dollars was ordered. Defendant did not post bond, and he remained incarcerated until his trial on the charge. The court set the case for trial on March 10, 2011.

{¶ 5} Both Orile Jones and Kelly Welch were subpoenaed by the State to testify at Defendant's trial. [Dkt. 10]. It appears that one or both were unable to appear, because on March 14, 2011, the prosecutor filed and the court granted a motion to continue Defendant's trial. [Dkt. 11]. The court ordered the trial continued to March 21, 2011. [Dkt. 12].

{¶ 6} Jones and Welch were again subpoenaed to testify at Defendant's March 21, 2011 trial. [Dkt. 13]. On March 23, 2011, the prosecutor again filed and the court granted a motion to continue Defendant's trial in Case No. 2011-CRB-1461. [Dkt. 15]. The stated reason for the motion was "c/w failed to appear." The court continued Defendant's trial to April 4, 2011. [Dkt. 16].

{¶ 7} Also on March 21, 2011, a second criminal complaint was filed in Dayton Municipal Court, charging Defendant Perry with one count of aggravated menacing, R.C. 2309.21, based on Defendant's threat to burn down Kelly Welch's house. [Dkt. 1]. The charge was docketed as Case No. 2011-CRB-2254. Defendant entered a not guilty plea and a ten thousand dollar bond was again ordered. [Dkt. 1]. The court ordered the newly-filed Case No. 2011-CRB-2254 consolidated with existing Case No. 2011-CRB-1461 involving Jones. [Dkt. 2]. The court further ordered Case No. 2011-CRB-2254 set for trial on April 4, 2011. [Dkt. 8].

## B. Procedural History

{¶ 8} When the two charges of aggravated menacing in Case Nos. 2011-CRB-1461

and 2254 came on for trial on April 4, 2011, Defendant moved to dismiss both charges for violation of his statutory speedy trial rights. (Tr. 3-5). The court took the matter for advisement and proceeded with a trial to the court on both aggravated menacing charges. (Tr. 6). At the conclusion of the trial, the court found that the State had failed to prove the charge in Case No. 2011-CRB-1461, involving threats against Jones, beyond a reasonable doubt. The court found Defendant guilty of the charge in Case No. 2011-CRB-2254, involving Kelly Welch, subject to its ruling on Defendant's speedy trial motion.

{¶ 9} Defendant filed a written motion on his speedy trial claim on April 8, 2011. [Dkt. 12]. The State filed a memorandum contra, [Dkt. 13]. On April 14, 2011, the trial court overruled Defendant's motion, relying on the holdings in *State v. Baker*, 78 Ohio St.3d 108, 676 N.E.2d 881 (1997), *State v. Adams*, 43 Ohio St.3d 67, 676 N.E.2d 883 (1989), and *State v. Haggard*, 9th Dist. Loraine No. 98CA7154, 1999 WL 812937 (Oct. 6, 1999).

{¶ 10} The case came for sentencing on May 31, 2011. A judgment of conviction was journalized on June 1, 2011. Defendant was sentenced to serve 180 days in jail, with a credit for 94 days served and the entire 180 days suspended, a fine of two hundred dollars, and a term of community control lasting two years. Defendant filed a timely notice of appeal from his judgment of conviction.

ASSIGNMENT OF ERROR

{¶ 11} "THE TRIAL COURT ERRED WHEN IT OVERRULED MR. PERRY'S MOTION TO DISMISS BOTH OF HIS CASES PURSUANT TO R.C. 2945.73(B), ON THE GROUNDS THAT HIS STATUTORY RIGHT TO A SPEEDY TRIAL WAS VIOLATED PURSUANT TO R.C. 2945.71, ET SEQ."

## II. Legal Analysis

{¶ 12} Aggravated menacing is a first degree misdemeanor. R.C. 2903.21(A), (B). Persons charged with a first degree misdemeanor must be brought to trial within ninety days after the person's arrest for the offense or the service of summons on a complaint filed. R.C. 2945.71(B)(2). For purposes of computing that time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

{¶ 13} The second aggravated menacing charge in Case No. 2011-CRB-2254 was filed on March 21, 2011. Eleven calendar days had passed from that date when, on April 4, 2011, Defendant filed his R.C. 2945.73(B) motion for discharge. Defendant remained in jail in lieu of posting bond during that time, as he had since his arrest on February 25, 2011. Crediting Defendant with the triple-count required by R.C. 2945.71(E), only thirty-three speedy trial days had passed since March 21, 2011, when the charge against Defendant in Case No. 2011-CRB-2254 was filed, and his motion was made and his trial commenced on April 4, 2011. On that basis, the ninety day limit in R.C. 2945.71(B)(2) was satisfied.

{¶ 14} Defendant argues that his speedy trial time on the charge in Case No. 2254 did not begin to run on March 21, 2011, and instead began to run on the date of his arrest on February 25, 2011, which is also the date on which his speedy trial time on the aggravated menacing charge in Case No. 2011-CRB-1461 began to run. On that basis, and applying the triple-count provision of R.C. 2945.71(E), one hundred and fourteen speedy trial days had passed when Defendant's motion for discharge was made on April 4, 2011.

{¶ 15} Defendant relies on the following holding in *State v. Baker*, 73 Ohio St.3d 108,

111 (1997), which quotes from *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, 1027 (1989):

> When new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge.

{¶ 16} In *Adams*, the defendant was arrested and initially charged with having a concentration of ten hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath in violation of R.C. 4511.19(A)(3). That charge was subsequently nolled by the State, which thereafter filed a complaint charging the defendant with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1). Because the operative facts necessary to prove the (A)(1) offense were known to the State when the defendant was arrested and charged with the (A)(3) offense, the speedy trial time on the (A)(3) offense began to run from the date of the defendant's arrest, not from the later date on which the charge on the (A)(3) offense was filed.

{¶ 17} In *Baker*, a pharmacist was arrested after he made several illegal sales of prescription drugs to police informants. Law enforcement officers then obtained a warrant to search two pharmacies the defendant owned, and the warrants were executed later that same day. Numerous business and financial records were seized. Subsequent audits of those records revealed operative facts of additional drug violations. A second indictment was filed on those charges, almost one year after the first indictment was filed on the charges for which

the pharmacist had been arrested.

{¶ 18} The defendant in *Baker* moved to dismiss the second indictment because the State did not bring him to trial on those charges within 270 days following his arrest. The trial court denied the motion. On appeal, we reversed, finding that the defendant's speedy trial time began to run on the date of the defendant's arrest.

{¶ 19} The Supreme Court reversed our holding and found no speedy trial violation. The Supreme Court reasoned that "in issuing a subsequent indictment, the state is not subject to the speedy trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." *Id*. At 110. On the facts of the case, the Supreme Court found:

[T]he subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation.

See, e.g., *State v. Singleton* (C.P.1987), 38 Ohio Misc.2d 13, 526 N.E.2d 121.

{¶ 20} In *Haggard*, on which the trial court also relied, the defendant and another man assaulted two other men, McFadden and Butterfield, who had insulted the defendant's wife. McFadden filed a complaint charging the defendant with assault. The defendant was arrested on McFadden's complaint in July 1997. Some months later, on December 18, 1997, the other victim, Butterfield, also filed a complaint charging the defendant with assault. The defendant was served with the complaint and summons on that second charge on January 5,

1998.

{¶ 21} The defendant in *Haggard* moved to dismiss the second charge, arguing a speedy trial violation for failure to file the second charge within ninety days of his arrest required by R.C. 2945.71(B). The trial court sustained the defendant's motion, reasoning that because the operative facts necessary to prosecute the second charge involving the assault on Butterfield were known to the prosecution at the time of the defendant's first arrest on the charge involving McFadden, his speedy trial time on the second charge began to run when he was arrested on the first charge.

{¶ 22} On review, the Ninth District Court of Appeals reversed. The court held that unlike in *Adams*, the OMVI case on which the trial court relied, "the circumstances of the instant case involve separate victims, separate assaults, and a separate animus as to the assault of each victim. Although many of the facts pertinent to the prosecution of the first charge would also be essential to the prosecution of the second charge, the factual issues of each assault are not the same." *Id*., at p. 3.

{¶ 23} The appellate court based its decision in *Haggard* on the Supreme Court's holding in *Baker* that a second indictment is not subject to the speedy trial timetable applicable to a prior indictment when the additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment. The *Haggard* court pointed out that "[t]he Ohio Supreme Court's use of the disjunctive 'or' is significant," *id*., p. 11, because even though the prosecution knew of both assaults when the first charges were filed, "it cannot be said that the facts as to the alleged assault against Butterfield are the same facts relating to the alleged assault of McFadden." *Id.*

{¶ 24} We find a significant difference between the facts of the present case and the facts in *Adams, Baker, and Haggard*. Per R.C. 2945.71, an accused's speedy trial time for a criminal charge commences to run at the earlier of two dates: when he is arrested for the offense that resulted in the charge or is served with summons on a charge that's been filed. None of the defendants in *Adams, Baker and Haggard* were served with summons or arrested for the offense resulting in the charge or charges which were subsequently filed when he was arrested for the offense resulting in the charge initially filed or served with summons on that initial charge. In the present case, Defendant Burton was arrested for both offenses at the same time.

{¶ 25} The arresting officer, Dayton Police Officer Phillip Mire, testified that after he arrived at Kelly Welch's home on February 25, 2011 and investigated the complaints concerning Defendant, he was put in handcuffs (Tr. 47) and taken to jail (Tr. 51) by Mire and another officer, and that Officer Mire filed a police report. On cross-examination, the following colloquy ensued:

Q: THE BOTTOM OF THIS REPORT SAYS THAT HE WAS BOOKED IN FOR TWO COUNTS OF AGGRAVATED MENACING FOR HIS THREATS TOWARDS BOTH KELLY AND ORA LEE, DID YOU BOOK HIM IN?

A: YES WE DID TOGETHER.

Q: DIDN'T BOOK IN BOTH COUNTS?

A: I'M NOT -

Q: DID YOU BOOK IN BOTH COUNTS?

A: I BELIEVE SO, YES.

Q: THANK YOU OFFICER.

THE COURT: MR. KORTJOHN, ANYTHING?

## RE-DIRECT

BY THE STATE

Q: I JUST WANT TO MAKE SURE I'M CLEAR OFFICER MIRE, YOU WERE THE ONE THAT BOOKED THE DEFENDANT?

A: MYSELF AND OFFICER NEISWONGER.

Q: BOTH OF YOU DID?

A: TOOK HIM DOWN --

Q: DO YOU KNOW FOR SURE WHETHER HE WAS BOOKED ON ONE COUNT OF AGGRAVATED MENACING OR TWO COUNTS OF AGGRAVATED MENACING?

A: THAT I DON'T KNOW.   I KNOW HE WAS CHARGED WITH AGGRAVATED MENACING AND BROUGHT DOWN THERE.

Q: YOU JUST DON'T REMEMBER THE NUMBER OF EXACT COUNTS THAT HE WOULD HAVE BEEN BOOKED IN ON?

A: NO.

Q: NO FURTHER QUESTIONS

## RE-CROSS

BY THE DEFENSE:

Q: JUST ONE MORE, HE WAS CHARGED WITH TWO COUNTS OF

KELLY AND ORA LEE AND YOU KNEW IT THAT NIGHT?

THE STATE: I'M GOING TO OBJECT YOUR HONOR, I DON'T UNDERSTAND THE DISTINCTION WE'RE MAKING HERE. ALL THIS OFFICER COULD HAVE DONE WOULD HAVE BEEN TO HAVE BOOKED THEM AT THAT POINT; A CHARGING DECISION WOULD HAVE BEEN MADE LATER BY A PROSECUTOR.

Q: WHAT DID YOU ARREST HIM FOR?

A: AGGRAVATED MENACING.

Q: FOR WHO?

A: FOR ORA LEE JONES AND KELLY WELCH.

THE COURT: ANYTHING ELSE?

THE STATE: NOTHING ELSE YOUR HONOR.   (Tr. 51-53).

{¶ 26} In the present case, it is evident from Officer Mire's testimony that Defendant was arrested on February 25, 2011 on both the aggravated menacing offense involving Jones, with which Defendant was initially charged in Case No. 2011-CRB-1461, and the aggravated menacing offense involving Kelly Welch, with which Defendant was subsequently charged in Case No. 2011-CRB-2254. The fact that the charge in Case No. 2011-CRB-2254 was not filed until March 21, 2011, cannot avoid commencement of the R.C. 2945.71(B) speedy trial time applicable to the charge in Case No. 2011-CRB-2254 until the charge was filed. The speedy trial time on that charge necessarily commenced on February 25, 2011, when Defendant was also arrested on the offense involving Kelly Welch.

{¶ 27} When a defendant's speedy trial time begins to run is not determinative of his

right to be discharged pursuant to R.C. 2941.73. The further issue is whether the applicable speedy trial time has expired when the defendant's motion for discharge is made. That, in turn, also depends on whether the speedy trial time was tolled pursuant to R.C. 2945.72 for a period sufficient to satisfy the speedy trial time limits in R.C. 2945.71(B).

{¶ 28} R.C. 2945.72(H) provides that the speedy trial time applicable to an offense is tolled during "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than on the accused's own motion."

{¶ 29} When the complaint in Case No. 2011-CRB-2254 was filed on March 21, 2011, that case was ordered consolidated for trial with Case No. 2011-CRB-1461. On that same date,[1] the prosecutor moved to continue the trial that had been set for that date because the complaining witness in Case No. 2011-CRB-1461, Jones, failed to appear in response to the State's subpoena. The trial court granted the motion, and also on March 21, 2011 ordered the trial of the consolidated cases continued to April 4, 2011. It was on that date, prior to trial, that Defendant moved to dismiss Case No. 2011-CRB-1461 for violation of his statutory speedy trial rights.

---

[1] The prosecutor's written motion and the court's order were journalized on March 23, 2011, two days later. Defendant does not contend that they were not the subject of oral proceedings on March 21, 2011. The summary of docket and journal entries indicates that the April 4, 2011 trial date was ordered on March 21, 2011. Because that order was in consequence of the continuance the court ordered, we construe the record to reflect that the prosecutor's motion for a continuance and the court's order granting that motion were likewise the subject of oral proceedings on March 21, 2011.

{¶ 30} R.C. 2945.72(H) tolls a defendant's statutory speedy trial time for the period of "any reasonable continuance" granted on the motion of the State or the motion of the court sua sponte.[2] Whether a continuance the court orders was reasonable implicates the abuse of discretion standard.

{¶ 31} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 32} A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment*, Corp., 50 Ohio St.3d 157, 161, 553

---

[2] "When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy,* 2 Ohio St.3d 6, 441 N.E.2d 571 (1982). Syllabus by the Court. The continuance the court ordered in the present case was not sua sponte, but was on the prosecutor's motions, which stated the reason for the continuance requested, which was that the complaining witness in Case No. 2011-CRB-1461, Jones, had failed to appear. The order of continuance was journalized in Case No. 2011-CRB-2254 on March 23, 2011. Seventy-eight triple-count speedy trial days had then passed since Defendant's arrest on February 25, 2011.

N.E.2d 597 (1990).

{¶ 33} The trial court might reasonably have denied the continuance the prosecutor requested on March 21, 2011. The prior, March 10, 2011 trial date was continued because Jones or Kelly Welch or both had failed to appear. However, we cannot find that there was no sound reasoning process that would support the court's March 21, 2011 order continuing the trial date in Case No. 2011-CRB-1461 to April 4, 2011. Defendant's alleged threats of violence against Jones, the complaining witness in that case, were serious. The court could reasonably wish to allow the State one more opportunity to produce Jones for trial.[3]

{¶ 34} When the court journalized its order of March 21, 2011, continuing Defendant's trial in Case No. 2011-CRB-2254 to April 4, 2011, on the motion for continuance the prosecutor made in Case No. 2011-CRB-1461, twenty-four calendar days or seventy-two triple-count speedy trial days had passed since Defendant's arrest on February 25, 2011 on the charges in both cases. Defendant's speedy trial time was tolled from March 21, 2011, pursuant to R.C. 2945.72(H) until the date of his trial on April 4, 2011, when Defendant moved for discharge pursuant to R.C. 2945.73. Because fewer than the ninety day maximum speedy trial days prescribed by R.C. 2945.71(B)(2) for the first-degree misdemeanor offense charged in Case No. 2011-CRB-2254 had then expired, the trial court did not err when it denied Defendant's motion to dismiss the charge in that case on April 4, 2011.

### III. Conclusion

---

[3] Jones did not testify at the April 4, 2011 trial, and Defendant was acquitted of the aggravated menacing charge in Case No. 2011-CRB-1461 involving Jones.

{¶ 35} Because the trial court properly denied Defendant's motion for discharge from the offense charged in Case No. 2011-CRB-2254, Defendant's assignment of error alleging a violation of his statutory speedy trial right is overruled. The judgment of conviction in Case No. 2011-CRB-2254 from which this appeal was taken will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Matthew Kortjohn, Esq.
Julie Dubel, Esq.
Hon. Carl Sims Henderson