[Cite as *State v. Wieland*, 2016-Ohio-261.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                                  :

        Plaintiff-Appellee,                    :

                              :

     - vs -

                              :

BRITTANY L. WIELAND,                            :

        Defendant-Appellant.                   :

CASE NOS. CA2015-04-036
CA2015-08-067

O P I N I O N
1/25/2016


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2014 TRC 19584


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Matthew T. Ernst, 212 West 8th Street, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Brittany L. Wieland, appeals her conviction and sentence in the Clermont County Court of Common Pleas for operating a motor vehicle under the influence (OVI). For the reasons stated below, we affirm.

{¶ 2} On November 5, 2014, Wieland was charged with a red light violation and OVI in violation of R.C. 4511.19(A)(1)(a) based upon a traffic stop that took place on November 2, 2014. On the night of Wieland's arrest, Sergeant Hayes twice attempted to conduct to a

breath test. Due to interference, the breath test results could not be obtained. Sergeant Hayes thus obtained a urine specimen from Wieland and had the specimen sent for analysis.

{¶ 3} The results of the urine test were reported to the state on November 24, 2014. On March 5, 2015, Wieland was charged with OVI in violation of R.C. 4511.19(A)(1)(e), based upon the lab results. Wieland subsequently filed a motion to dismiss the charge on speedy trial grounds. The motion was denied. Wieland then pled no contest to the OVI charge involving R.C. 4511.19(A)(1)(e).

{¶ 4} Wieland now appeals, raising a single assignment of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.

{¶ 7} Wieland argues in her sole assignment of error that the trial court erred in not granting her motion to dismiss because her right to a speedy trial was violated when the charge of OVI pursuant to R.C. 4511.19(A)(1)(e) was added on March 5, 2015.

{¶ 8} Appellate review of speedy-trial issues involves a mixed question of law and fact. *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, ¶ 19 (12th Dist.). The appellate court must defer to the trial court's findings of fact if those findings are supported by competent, credible evidence, but the appellate court must independently review whether the trial court properly applied the law to those facts. *Id.*

{¶ 9} A criminal defendant has a fundamental right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 14. "States have the authority to prescribe reasonable periods in which a trial must be held that are consistent with constitutional requirements." *Id.* Ohio has exercised this authority by enacting R.C. 2945.71, which designates specific time requirements within which the state must bring an accused to

trial.

{¶ 10} R.C. 2945.71(B)(2) provides that a person charged with a first degree misdemeanor must be brought to trial within 90 days after her arrest. Furthermore, in cases involving multiple indictments, the Ohio Supreme Court has held that "subsequent charges made against an accused would be subject to the same speedy-trial constraints as the original charges, if the additional charges arose from the same facts as the first indictment." *State v. Baker*, 78 Ohio St.3d 108, 110, 1997-Ohio-229. If, however, the subsequent charges arise from new and additional facts, unknown at the time of the original arrest, the state is not bound to the speedy trial timetable of the original arrest and may be afforded a new speedy trial period. *Id.* at 111-112.

{¶ 11} Wieland argues that the charges filed on March 5, 2015 were based upon facts known at the time the original charges were filed, and thus the speedy trial clock began to run on November 5, 2014. If the speedy trial clock began at that point, then 90 days would have passed before the charge on March 5, 2015. Wieland would then be entitled to a dismissal of that offense.

{¶ 12} We find that the trial court correctly ruled that the speedy trial clock did not begin until March 5, 2015. The charge filed on that date was based on new facts that were not available at the time of the original charges. While the original charges were filed on November 5, 2014, the state did not obtain the facts necessary to file the charge pursuant to R.C. 4511.19(A)(1)(e) until after the results of the lab tests were received on November 24, 2014.

{¶ 13} In similar circumstances, this court has previously found that lab reports confirming the chemical makeup of a substance constitute new facts not available to the state at the time of the original arrest regardless of an officer's belief as to whether a pill was a controlled substance. *State v. Schuster*, 12th Dist. Clermont Nos. CA2015-05-040 and

CA2015-05-041, 2015-Ohio-4818. The same analysis applies in our finding that lab reports confirming the blood alcohol level of an offender constitute new facts not available to the state at the time of the original arrest regardless of an officer's belief as to an offender's intoxication.

{¶ 14} Thus, the speedy trial clock on the charge of OVI pursuant to R.C. 4511.19(A)(1)(e) did not begin to run until March 5, 2015. Accordingly, Wieland's right to a speedy trial was not violated, and the trial court did not err in denying her motion to dismiss.

{¶ 15} Judgment affirmed.

HENDRICKSON, J., concurs.

PIPER, P.J., concurs separately.

**PIPER, P.J., concurring separately.**

{¶ 16} While I concur with the judgment, I write separately to encourage the state to file new charges as soon as reasonably possible upon the receipt of new information. Inherent in one's speedy trial rights lies the responsibility of the state and law enforcement to perform their professional duties in a timely manner so as to promote and protect the efficient administration of justice. As stated by the Ohio Supreme Court, "the speedy-trial provision is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *State v. Adams*, 43 Ohio St.3d 67, 68 (1989).

{¶ 17} Law enforcement knew the lab results as of November 24, 2014. Yet the state waited over three months to file the new charge. Neither the public nor the law considers these rights any less significant because the new charges to be filed are misdemeanors.

Given that knowledge obtained by law enforcement is imputed to the state, the state apparently could have acted upon the new information before March. *See State v. Wiles*, 59 Ohio St.3d 71, 78 (1991) ("Inasmuch as the police are a part of the state * * * such knowledge on the part of a law enforcement officer must be imputed to the state").

{¶ 18} Ohio law is clear that an unreasonable delay between the commission of an offense and the bringing of charges can, under certain circumstances, constitute a violation of due process of law guaranteed by the federal and state constitutions. *State v. Oberding*, 12th Dist. Warren No. CA2011-09-101, 2012-Ohio-3047, ¶ 31. The state cannot, of its own accord, suspend statutory or constitutional speedy trial rights indefinitely while waiting for investigatory results necessary to bring new charges. However, a reasonable time necessary to obtain results and act upon the new information must be accorded the state. Just as a trial court cannot toll a defendant's speedy trial rights indefinitely, and must instead respond to motions within a reasonable time, the state should bring new charges within a reasonable time after obtaining investigatory results so as to avoid unnecessary delays. *State v. Ford*, 180 Ohio App.3d 636, 639, 2009-Ohio-146 (1st Dist.).

{¶ 19} Regarding the case sub judice, the circumstances indicate that the state had the lab results for approximately three months before bringing the new charge. While some may argue this length of time unreasonable for the filing of a new misdemeanor charge, it is not so excessive as to be unreasonable and cause a violation of Weiland's speedy trial rights. Still, I write separately to encourage the state to file new charges as soon as reasonably possible after necessary investigatory information has been obtained in order to abide by the spirit of speedy trial rights guaranteed to all.