[Cite as *State v. Welch*, 2020-Ohio-1208.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DARRIN WELCH

    Appellant

C.A. No.     29265

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR-2018-06-1833

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

CARR, Judge.

{¶1} Appellant, Darrin Welch, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter stems from Welch's arrest for domestic violence on September 29, 2017. Welch was indicted in Case No. 2017-10-3544. Thereafter, the State filed a motion to dismiss because the indictment identified the wrong victim. At the hearing on the motion to dismiss, the assistant prosecutor explained that while the indictment contained the correct initials of the alleged victim, Welch's minor daughter, C.Y. the date of birth listed in the indictment corresponded with the alleged victim's sister, who happens to have the same initials.[1] On May 3, 2018, the trial court granted the motion to dismiss the indictment without prejudice.

---

[1] The transcript from the hearing on the motion to dismiss in Case No. CR-2017-10-3544 was made part of the appellate record in the instant appeal from Case No. CR-2018-06-1833.

{¶3}     On June 11, 2018, the Summit County Grand Jury handed down a secret indictment charging Welch with one count of domestic violence and two counts of assault in Case No. CR-2018-06-1833.  The charges stemmed from the September 29, 2017 incident.  Welch pleaded not guilty to the charges at arraignment.

{¶4}     On November 27, 2018, Welch filed a number of motions, including a motion to dismiss the indictment on speedy trial grounds.  Welch contended that the State failed to bring him to trial within the statutory timeframe set forth in R.C. 2945.71(C)(2).  The State filed a brief in opposition to the motion.  After hearing oral arguments from the parties, the trial court denied the motion.

{¶5}     The matter proceeded to a plea hearing.  The State moved to dismiss one count of assault.  Welch entered a plea of no contest to the remaining charges and the trial court found him guilty of one count of domestic violence and one count of assault.  The trial court imposed a 24-month prison sentence that was suspended on the condition that Welch successfully complete a 24-month period of community control.

{¶6}     On appeal, Welch raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT VIOLATED MR. WELCH'S STATUTORY RIGHT TO A
SPEEDY TRIAL UNDER R.C. 2945.71.

{¶7}     In his sole assignment of error, Welch contends that the trial court violated his statutory speedy trial rights under R.C. 2945.71.  This Court disagrees.

{¶8}     "When reviewing a defendant's claim that he was denied his right to a speedy trial, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact."  *State v. Gaines,* 9th Dist. Lorain No. 00CA008298, 2004-Ohio-

3407, ¶ 9. "The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with Ohio and federal constitutional speedy trial provisions." *Gaines* at ¶ 9, citing *State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph one of the syllabus.

{¶9} R.C. 2945.71(C)(2) states that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." "[E]ach day during which the accused is held in jail in lieu of bail on the pending charges shall be counted as three days." R.C. 2945.71(E). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71]." R.C. 2945.73(B).

Background

{¶10} Welch was arrested on September 29, 2017.[2] The initial indictment in Case No. CR-2017-10-3544 was dismissed without prejudice on May 3, 2018.

{¶11} On June 11, 2018, Welch was indicted again in Case No. 2018-06-1833. Welch did not appear for arraignment. Welch was taken into custody on August 6, 2018, and held in custody until August 13, 2018.[3]

{¶12} Welch filed a motion to dismiss on speedy trial grounds on November 27, 2018. In support of his motion, Welch maintained that prosecution was barred under R.C 2945.71, as

---

[2] The day of arrest is not counted toward the total when analyzing whether a defendant was brought to trial within 270 days in accordance with R.C. 2945.71. *State v. Steiner*, 71 Ohio App.3d 249, 250-251 (9th Dist.1991).

[3] Welch was in custody for seven days, which counted as 21 days for speedy trial purposes. *See* R.C. 2945.71(E). There is no dispute between the parties that 127 days passed between August 13, 2018 and November 27, 2018, the date that Welch filed his motion to dismiss on speedy trial grounds. There is further no dispute that during that period, time was tolled for 72 days due to filings by Welch, meaning that 55 days within that timeframe counted for speedy trial purposes.

well as the speedy trial provisions in the United States Constitution and the Ohio Constitution. The State filed a brief in opposition to the motion to dismiss arguing that Welch's calculation of time for speedy trial purposes was incorrect.

{¶13} On December 4, 2018, the parties appeared before the trial court and made arguments in support of their respective positions. The crux of Welch's argument was that any tolling events in Case No. CR-2017-10-3544 should not be taken into account because the initial indictment named a different victim. Stressing that he was initially arrested on September 29, 2017, Welch contended that the State was nearing the end of the 270-day window to bring him to trial when he was indicted for a second time on June 11, 2018 in Case No. CR-2018-06-1833. Specifically, Welch asserted that the speedy trial clock expired on June 27, 2018. Welch concluded that "based on the time that [he] spent in custody upon his arrest on the new indictment, which was August [6], 2018[,] through up until the first pretrial of August 13, 2018, the State has exceeded the 270 days as is the speedy trial requirement that is outlined in [R.C.] 2945.71(C)(2)." In response, the State argued that there were tolling events during the pendency of the initial indictment that impacted the statutory speedy trial calculation and, further, that naming the wrong victim in the initial indictment was clearly inadvertent.

{¶14} After hearing arguments from the parties, the trial court announced its basis for denying the motion to dismiss. Though 215 days elapsed from September 30, 2017, to May 3, 2018, the date the initial indictment was dismissed without prejudice, the trial court found that the speedy trial clock time had tolled for 77 days within that timeframe. Consequently, the trial court determined that 138 days had accrued for speedy trial purposes from the date that Welch was arrested to the date that the initial indictment was dismissed without prejudice. The trial court further found that because Welch was re-indicted in a reasonable and timely manner, time tolled

from the date the initial indictment was dismissed until the date that the secret indictment was handed down on June 11, 2018, in Case No. CR-2018-06-1833. Welch was taken into custody on August 6, 2018, and remained in custody for 7 days, which counted for 21 days for speedy trial purposes. After finding that there were a number of continuances that tolled time before Welch filed his motion to dismiss on November 27, 2018, the trial court determined that a total of 55 days counted for speedy trial purposes under the second indictment.

{¶15} In conclusion, the trial court found that 138 days counted for speedy trial purposes under Case No. CR-2017-10-3544 and 55 days counted for speedy trial purposes under Case No. CR-2018-06-1833, for a total of 193 days, which was well below the statutory threshold of 270 days. In response to Welch's argument that the misidentification of the alleged victim should eliminate any tolling events in the first case, the trial court suggested that Welch had notice of the alleged victim's identity through the discovery process. Finally, the trial court made an alternative finding that even if there were no tolling events under the initial indictment, 215 day elapsed from the time Welch was arrested until the date that the initial indictment was dismissed, meaning that exactly 270 days elapsed during the pendency of the two cases.

{¶16} At the close of the hearing, defense counsel proffered a body camera video from an officer who responded to the scene of the incident. Defense counsel suggested that the video demonstrated that police were aware of the alleged victim's identity on the date of the incident, meaning any tolling events during the pendency of the initial indictment should not be factored into the speedy trial calculation. Defense counsel further moved the trial court to make a certified copy of the transcript from the hearing on the motion to dismiss in Case No. CR-2017-10-3544. The trial court admitted the two exhibits and noted that they would be included in the record for the purposes of a possible appeal.

Discussion

{¶17} On appeal, Welch renews his argument that none of the filings in Case No. CR-2017-10-3544 should qualify as tolling events because the State inexcusably identified the wrong victim in the initial indictment. Welch further posits that the trial court erred when it determined that speedy trial time tolled from the date of the dismissal of the initial indictment until the date that Welch was re-indicted because the State was fully aware of all of the relevant facts at the time the initial indictment was filed and the second indictment did not arise out of any newly discovered facts. Welch analogizes this case to the circumstances the Second District confronted in *State v. Perry*, 2d Dist. Montgomery No. 24735, 2012-Ohio-1856, where the court concluded that the speedy trial time commenced on the date of arrest because the identity of the victim was available at that time, even though charges were not filed until later.

{¶18} As noted above, the trial court rejected Welch's statutory speedy trial argument on the basis that 138 days counted for speedy trial purposes under the initial indictment and 55 days counted for speedy trial purposes under the second indictment, for a total of 193 days. In reaching this conclusion, the trial court found that there were a number of tolling events during the pendency of CR-2017-10-3544, and, further, that time tolled from the time the initial indictment was dismissed until the time that Welch was re-indicted in Case No. CR-2018-06-1833. Although Welch argued below that the initial indictment related to a separate victim, and thus should have no bearing on the speedy trial calculation, the trial court's speedy trial findings were predicated on its determination that the State's intent all along was to indict the correct victim. The trial court stated that "[Welch] had notice through the discovery [process]" that the charges in the initial indictment were geared toward the correct victim, and not her sister who happened to have the same initials but a different date of birth.

{¶19} An essential component of Welch's statutory speedy trial argument deals with the trial court's treatment of Case No. CR-2017-10-3544, as well as the time that elapsed between the dismissal of the initial indictment and the date that Welch was re-indicted. Welch's brief contains multiple citations to procedural events in Case No. CR-2017-10-3544 in support of his underlying argument that the initial indictment "initiated a new proceeding against [him] for charges he was not arrested for on September 29, 2017." Although Welch has included a body camera video from the date of his arrest, as well as a transcript from the hearing on the motion to dismiss the initial indictment, the trial court record in CR-2017-10-3544 has not been made part of the appellate record in this case. Under circumstances where the appellant has not provided a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). In light of the arguments Welch has raised on appeal, as well as the basis for the trial court's denial of the motion to dismiss, a review of the trial court record in Case No. CR-2017-10-3544 is necessary to facilitate appellate review. As the record in that case is not before us, we must presume regularity in the trial court's decision.

{¶20} Welch's assignment of error is overruled.

### III.

{¶21} Welch's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KRISTOPHER IMMEL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.